# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMEL WHITESIDE,

    Plaintiff,

v.                                                                            Case No. 15-C-421

CAPT. CIARA, et al.,

    Defendants.

## ORDER

    The plaintiff filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

    The plaintiff has been assessed and paid an initial partial filing fee of $40.87.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes

treated as a synonym for "frivolous," "is more usefully construed as intended to harass." <u>Lindell v. McCallum</u>, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in <u>Twombly</u> by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Iqbal</u>, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. <u>Id.</u> If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u>

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was

2

deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Here, the Plaintiff alleges that, when he was placed in "the hole," a correctional officer took Plaintiff's shoelaces out of Plaintiff's "personal shoes." He states it is now harder for him to walk in his shoes because he uses a leg brace. He also alleges that on one occasion one or more guards handcuffed him painfully behind his back.

These allegations do not state a claim for relief. Being able to walk in the shoes of one's choice while in segregation is not among the rights guaranteed by the Constitution. It is conceivable that such an allegation could be a part of a broader inhumane conditions claim, but, as pled, it is not enough to allege one has difficulty walking in a certain pair of shoes. Similarly, a one-off instance of a painful handcuffing does not give rise to an Eighth Amendment violation unless there is malice or some kind of excessive and gratuitous infliction of pain. All the Plaintiff alleges is that he was "in pain," but presumably every behind-the-back cuffing involves some degree of discomfort. Such a claim cannot be predicated on a *de minimis* use of force. Instead, the quantum of force required for a constitutional violation is that which is "repugnant to the conscience of mankind." *Fillmore v. Page,* 358 F.3d 496, 504 (7th Cir. 2004) (citation omitted).

Plaintiff will be allowed 30 days in which to file an amended complaint providing more

3

detail about his grievances. If he fails to do so, the case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. Plaintiff may file an amended complaint curing the defects described above within 30 days of the date of this order. Failure to do so will result in dismissal with prejudice.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the **$309.13** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**SO ORDERED** this 26th day of May, 2015.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court